IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 7, 1999 Session

## RICHARD E. GARRISON v. KEVIN L. BURCH

**Appeal from the General Sessions Court for Davidson County**
**No. 99OP-474     Casey Moreland, Judge**

_____

**No. M1999-02819-COA-R3-CV - Filed January 22, 2001**

_____

This appeal involves a dispute regarding an order of protection. After the petitioner was threatened and attacked by his girlfriend's former husband, he sought an order of protection from the Davidson County General Sessions Court. The general sessions court granted the order of protection, and the former husband appealed to this court. We reverse and vacate the general sessions court's order because the parties are not within the degree of relationship required by the statute authorizing the issuance of orders of protection.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Reversed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Clark Lee Shaw, Nashville, Tennessee, for the appellant, Kevin L. Burch.

Richard E. Garrison, Nashville, Tennessee, Pro Se.

### OPINION

On March 18, 1999, Richard Eugene Garrison petitioned the Davidson County General Sessions Court for an order of protection against Kevin L. Burch. Mr. Garrison was the live-in boyfriend of Mr. Burch's former wife,[1] and he alleged in his petition that Mr. Burch had threatened and attacked him. The general sessions court issued an ex parte order of protection on March 18, 1999. Following a hearing eighteen days later at which both parties testified, the general sessions court entered an order of protection enjoining Mr. Burch from physically approaching or communicating with Mr. Garrison.

_____

[1]The record does not reveal the name of Mr. Burch's former wife.

Mr. Burch initially attempted to appeal from this order to the Circuit Court for Davidson County. The Circuit Court Clerk refused to accept the appeal and instructed Mr. Burch that the proper course was an appeal directly to this court. On May 21, 1999, this court filed an order determining that it has jurisdiction over Mr. Burch's appeal.[2]

**I.**

Mr. Burch contends that the general sessions court was without authority to issue an order of protection because he is not within the statutory class of persons from whom Mr. Garrison may seek protection. Tenn. Code Ann. § 36-3-602(a) (Supp. 2000) states that "[a]ny victim who has been subjected to, or threatened with or placed in fear of, domestic abuse by an adult who falls into one of the categories set forth in § 36-3-601(9)(A)-(F) may seek relief under this part by filing a sworn petition alleging such domestic abuse by the respondent." Thus, the general sessions court may grant Mr. Garrison an order of protection against Mr. Burch if Mr. Burch is among the classes of persons identified in Tenn. Code Ann. § 36-3-601(9) (Supp. 2000).

Tenn. Code Ann. § 36-3-601(9) defines a "victim" as a person who is not a primary aggressor, and whose relationship to the alleged abuser falls into one of the following categories: (1) spouses, current or former; (2) persons who are living together or have lived together; (3) persons who are dating, have dated, or have or had a sexual relationship ("dating" does not include fraternization in a business or social context); (4) relatives by blood or adoption; (5) relatives by marriage, now or in the past; or (6) adult or minor children of a person in a relationship described in (1) - (5). The relationship between Mr. Garrison and Mr. Burch does not meet any of these statutory requirements. The only link between the parties is that Mr. Garrison is currently the boyfriend of Mr. Burch's ex-wife. Accordingly, the general sessions court erred by granting Mr. Garrison an order of protection.[3]

**II.**

We reverse and vacate the order and remand the case to the general sessions court with directions that the petition be dismissed. We also tax the costs of this appeal to Richard Eugene Garrison for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[2]A direct appeal to this court is appropriate because in Davidson County the general sessions court and the circuit court have concurrent jurisdiction over the issuance or denial of an order of protection. Tenn. Code Ann. § 36-3-601(3)(B) (Supp. 2000).

[3]We note that persons in Mr. Garrison's position have the option of seeking the criminal remedy of a warrant for assault, or the civil remedy of injunctive relief or damages for assault or battery.